[No. 9599.   Department One.   April 1, 1912.]

W. R. CUNNINGHAM, SENIOR, *et al.*, *Appellants*, v.
AMOS RICHARDSON *et al.*, *Respondents*.[1]

EXECUTORS AND ADMINISTRATORS—SALES—VALIDITY—ESTOPPEL. An irregular administrator's sale is valid as against the two sole heirs, where one of them participated as administrator, both petitioned for the sale as made, and the sale was confirmed with their consent, and the full value paid to the estate and distributed to the heirs.

EXECUTION—INTERESTS SUBJECT—RIGHTS OF HEIRS—PRIOR ADMINISTRATOR'S SALE—CONFIRMATION. The interest of heirs in real property cannot be levied upon and sold under execution against the heirs, where, prior to the levy, the land was sold at administrator's sale and the money paid into court, although the sale was not confirmed until afterwards; since the confirmation relates back to the time of the sale.

Appeal from a judgment of the superior court for Adams county, Kennan, J., entered December 2, 1910, upon findings in favor of the defendants, in an action to quiet title. Affirmed.

*W. W. Zent, Walter Staser*, and *John M. Cannon*, for appellants.

*Lovell & Davis* and *Dunphy, Evans & Garrecht*, for respondents.

[1]Reported in 122 Pac. 368.

FULLERTON, J.—On November 24, 1903, one Polly Yaple died, intestate, in Adams county, Washington, leaving estate therein consisting of real and personal property, and leaving as her sole heirs at law W. S. Yaple and Laura Foster, both of whom had reached the age of majority. On November 18, 1903, W. S. Yaple petitioned the superior court of Adams county to be appointed administrator of the estate, and was so appointed, after due notice given, on the thirtieth day of the same month. Thereafter he filed an inventory of the property of the estate, and procured the estate to be appraised in the manner prescribed by law. On October 10, 1904, he filed a petition for leave to sell the real property of the estate, setting forth in his petition that it was necessary so to do in order to pay the debts of the estate and the cost of administration. On October 26, the heirs joined in a writing agreeing and consenting to a sale of such real property, asking therein that the same be made at private sale. On October 31, 1904, the court made the order requested, reciting that it was to the best interests of the estate that the property be sold and that the heirs of the estate had consented in writing to such sale. The administrator, acting pursuant to the order, sold the property on the same day to the respondent, Amos Richardson, at a valuation of $1,106. After the sale, the heirs of the estate expressly approved the same in writing, and asked that it be confirmed by the court. Return of the sale was made on April 3, 1905, at which time the sale was confirmed. Thereafter a deed for the lands sold was duly issued to the purchaser by the administrator.

On August 29, 1906, the sheriff executed a deed to an undivided one-half interest in the property to the appellant W. R. Cunningham, Sr., in which it is recited that the Cunninghams recovered a judgment against William S. Yaple and Malissa E. Yaple, his wife, on February 21, 1905, and that an execution was issued on the judgment April 20, 1905;

that pursuant to such execution he levied upon an undivided one-half of the real property therein described (being an undivided one-half of the property theretofore sold to Amos Richardson) as the property of William S. Yaple and Malissa E. Yaple, and after due and legal notice sold the same on August 26, 1906, at public auction to W. R. Cunningham, Sr., for the sum of $107.15, he being the highest and best bidder therefor.

The present action was begun by W. R. Cunningham, Sr., and his wife against Amos Richardson and wife, W. S. Yaple and Laura Foster, to quiet title to the property purchased at the sheriff's sale. Issue was taken on the complaint and a trial had, at which the court found that the plaintiffs had no rights in or to the property; that the same was the property of Amos Richardson and wife, who are entitled to possession of the property and the rents accruing therefrom, and that the defendants were entitled to a judgment for their costs expended in defending the action. Judgment was entered on the findings, and this appeal followed.

It is the appellants' contention that the probate proceedings under which the respondents Richardson claim title are so far irregular and insufficient as to render the entire proceedings void; and that, as the title to the land vested in W. S. Yaple and Laura Foster on the death of Polly Yaple, the sheriff's sale of the one-half interest in the property belonging to W. S. Yaple vested in the appellants title to such one-half interest, and entitled them to have the same quieted in this action.

The probate proceedings had with reference to the sale of the real property were unquestionably irregular; and it may be that they were so far so that had there been a minor heir of the estate, or an adult heir who did not participate in or consent to the proceedings, that the same would have been void as to such heir. But we have no hesitancy in saying that the sale was valid as against the actual heirs of the

estate. Not only did one of them participate in the sale as administrator, but they both joined in a petition asking for a sale of the property in a particular way, and after it was made joined in a writing asking that the sale be confirmed by the court. More than this, the purchasers paid in cash into the estate the actual value of the property, and the money so paid was taken by the heirs on the distribution of the property of the estate. These acts estop the heirs from successfully questioning the validity of the sale, and compel a holding that, as between the purchaser of the land at the probate sale and such heirs of the estate, the purchaser acquired a valid, legal and equitable title.

It seems equally clear also that the appellants are without title. As they claim through one of the heirs, and as a title can rise no higher than its source, it is plain that they acquired only such title, if they acquired any at all, as the heir had at the time of the seizure and sale. It is plain, also, from the dates given above, that the heir through which the appellants claim had parted with his title to the land at the time the levy thereon was made by the sheriff. The sale had been made and the money actually paid into court for the property long prior to that time. The heirs had not only consented at that time to the sale, but had consented to its confirmation. The title to the land had then passed from the heirs to the purchaser, and hence the heir had no interest therein which the sheriff could levy upon, and his purported levy and sale to the appellants passed nothing. True, the sale had not then been confirmed by the probate court, but this was not the act that passed the title. The title passed at the time of the sale; subject to the approval of the court, perhaps, but the approval when made related back to the time of the sale and validated it from that time.

The foregoing considerations render it unnecessary to discuss the many questions suggested by counsel in his briefs. We are clear that the appellants acquired no title to the

property by the purported sale, and that the trial judge correctly so held.

The judgment is affirmed.

DUNBAR, C. J., PARKER, MOUNT, and GOSE, JJ., concur.